**FAIRLAWN CREDIT UNION**

v.

**Charles J. STEINGOLD.**

**No. 95–444–A.**

Supreme Court of Rhode Island.

May 30, 1996.

Steven Ferdinandi, Cranston.

Herbert Katz, Pawtucket.

**ORDER**

This matter came before a panel of this Supreme Court on May 21, 1996, pursuant to an order directing the defendant to appear and to show cause why the issues raised in this appeal should not be summarily decided. After hearing oral argument and examining the memoranda submitted by the parties, we conclude that cause has not been shown and the issues should be summarily decided.

The defendant, Charles J. Steingold (Steingold), appeals from a judgment entered in favor of the plaintiff, Fairlawn Credit Union (Fairlawn), after a non-jury trial. The facts, as pertinent to this case, concern Fairlawn's efforts to recover on a promissory note executed by Steingold. On January 13, 1986, Steingold executed a loan application and a promissory note at Fairlawn's office. The loan amount was $2,500, and the note provided that Fairlawn was to be paid in full, with interest, within 90 days. However, on that same date, Fairlawn instead delivered the check in the amount of $2,500 to an acquaintance of Steingold, Robert Palmisciano (Palmisciano). The check was made out to Palmisciano's company, Cedar Development Corporation. Steingold would later testify at trial that he went to Fairlawn to obtain the $2,500 for Palmisciano, but that he intended to have the check made out to himself, and that he would then enter into an agreement with Palmisciano whereby Palmisciano would make out a personal promissory note for the benefit of Steingold.

When Fairlawn did not receive its payment on the promissory note within the requisite 90 days, the credit union instituted a lawsuit against Steingold. Once the case eventually reached trial in the Superior Court on May 22, 1995, Steingold's defense was that he was not obligated to repay the Fairlawn loan because he never received the $2,500 pursuant to the terms of the loan application and the promissory note. After hearing testimony from two witnesses, Steingold, and an individual who had been a collection manager at Fairlawn, the trial justice, sitting without a jury, delivered a bench decision in favor of Fairlawn. The trial justice remarked during his decision that "[t]he defendant's failure to join in Mr. Palmisciano, in this Court's opinion, is a fatal mistake in this matter, inasmuch as the plaintiff—strike that—the defendant is attempting to assert that it is Mr. Palmisciano's obligation to repay this particular amount."

We are mindful that the findings of fact made by a trial justice sitting without a jury will not be disturbed unless it is shown that he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. However, in this case, we discern from the record no indication that Steingold ever agreed or was aware that Fairlawn was to deliver the check for $2,500 directly to Palmisciano or to his Cedar Development Corporation. We are of the opinion that there was no legal consideration for the contractual promissory note since Steingold never received the loan money which he had promised to repay by signing Fairlawn's loan documents. Steingold was thus deprived of the intended personal security he would have obtained when he himself turned the loan proceeds over to Palmisciano in exchange for Palmisciano's promissory note. Instead, after Fairlawn had directly passed the check to Palmisciano, payable to Cedar, Steingold was left with having to rely upon the Cedar Development Corporation's ability, or desire, to pay the $2,500 to either himself or to Fairlawn. Cognizant of this lack of consideration, we are of the opinion that the trial justice was clearly wrong in ordering Steingold to repay the loan amount, interest, and attorney's fees.

For these reasons, the defendant's appeal is sustained, the judgment appealed from is

reversed, and the papers in the case are remanded to the Superior Court.

MURRAY and LEDERBERG, JJ., did not participate.